UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| MICHAEL A. BAKER, and | ) | Case No. 07-20251-659 |
| VICKIE J. BAKER, | ) | Judge Kathy A. Surratt-States |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| ALLIANT BANK, | ) | **Adversary No. 07-2017-659** |
| | ) | |
| | ) | PUBLISHED |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| MICHAEL A. BAKER, and | ) | |
| VICKIE J. BAKER, | ) | |
| | ) | |
| Defendants. | ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is Plaintiff's Amended Complaint to Determine Excepting Certain Debts from Discharge and for Judgment, Defendants' Answer to the Amended Complaint, Joint Stipulation of Uncontested Facts, Plaintiff's Post-Trial Brief, and Defendants' Post-Trial Citations of Authority and Argument.  A trial in this matter was held where Plaintiff appeared by representative and by counsel and Defendants appeared in person and by counsel.  Both parties made post trial submissions. The matter was then taken as submitted.   Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Debtors Michael Baker and Vickie Baker (hereinafter collectively "Defendants") entered into a secured loan with Creditor Alliant Bank (hereinafter "Plaintiff") for the purchase of cattle and for operating expenses related to their business of raising cattle.  Joint Stipulation of Uncontested Facts (hereinafter "Joint Stipulation"), p.1, ¶ 4. On December 18, 2004, the parties executed a loan agreement, specifically Loan Number 71584 (hereinafter "Agreement").  Joint Stipulation, p.1, ¶ 3.

The Agreement was renewed yearly in 2005 and 2006 when the loan matured, extending Defendants' line of credit used for purchasing cattle and operating expenses related to farming and cattle operations.  The Agreement included a Three Hundred Fifty Thousand Dollar ($350,000.00)

open line of credit.  Plaintiff's Post-Trial Brief (hereinafter "Post-Trial Brief"), p. 1, ¶ 3.  The Agreement provided that throughout the period of December 2004 to January 2007, Defendants would allow Plaintiff to enter their property to make an accounting of all livestock, grain, farm equipment, machinery and real estate which served as collateral for the Agreement.  Joint Stipulation, p. 1-2, ¶ 5. On December 14, 2006, Defendants submitted a signed Agricultural Financial Statement (hereinafter "Financial Statement") to Plaintiff.  The Financial Statement provided information regarding the amount of livestock owned by Defendants, as well as grain feed, machinery, equipment and bales of hay on hand.  Post-Trial Brief, p. 2, ¶ 11.

Defendant Vickie Baker (hereinafter "Mrs. Baker") did sign the Agreement.  At trial however, evidence was offered to show that Mrs. Baker did not participate in the farming and cattle operations nor did she provide any information regarding collateral and/or inventory for the Financial Statement.  The Financial Statement was usually given to her husband, Defendant Michael Baker (hereinafter "Mr. Baker") to complete and return to Plaintiff.

Plaintiff alleged that livestock, corn and hay, which served as collateral for the Agreement, were sold out of trust by Defendants without disbursement of the proceeds to Plaintiff.  Plaintiff further alleged that Defendants knowingly, falsely, fraudulently and intentionally represented to Plaintiff that they still possessed most, if not all, of the collateral under the Agreement.  Plaintiff's Amended Complaint to Determine Excepting Certain Debts from Discharge and for Judgment (hereinafter "Amended Complaint"), p. 3, ¶¶ 7-8.  At trial, Mr. Baker admitted that he sold some livestock and hay without disbursing the proceeds to Plaintiff.  Mr. Baker also admitted that when Plaintiff's representative entered Defendants' property in December of 2006 to make an accounting, he misled Plaintiff's representative regarding the amount of livestock and hay that Defendants actually had on hand.  Defendants argue that even if any livestock or other collateral was sold out of trust, Plaintiff received proceeds over and above the value of the livestock or other collateral. Answer to Amended Complaint to Determine Dischargeability, p. 2, ¶ 7.  Further, Plaintiff's representative testified that Defendants made payments on the loan before and after the false

2

Financial Statement was supplied.

On August 20, 2007, Defendants filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code. Joint Stipulation, p. 2, ¶ 6. Defendants listed a debt of $157,000.00 owed to Plaintiff on Schedule F of their bankruptcy petition. Joint Stipulation, p. 2, ¶ 7. As of the date of trial, Defendants still owed $126,654.46, together with interest, late charges and attorney fees on the Agreement.

On November 13, 2007, Plaintiff filed the Complaint, objecting to discharge of Defendants' debt to Plaintiff under 11 U.S.C. § 523(a)(2)(B). Joint Stipulation, p. 2, ¶ 9. On November 14, 2007, Defendants were granted a discharge. Joint Stipulation, p. 2, ¶ 8. The Joint Stipulation and the Post-Trial Brief state that Plaintiff objected to dischargeability under 11 U.S.C. § 523(a)(2)(B). Joint Stipulation, p. 2, ¶ 9.

Plaintiff asserted damages due to Mr. Baker's false representations and actual fraud which allowed Defendants to acquire cash proceeds or property. Plaintiff argued that Mr. Baker's false representations regarding Defendants' financial condition caused Plaintiff to incur losses. Plaintiff further argued that Plaintiff's claim against Defendants should be nondischargeable based upon the false Financial Statement produced by Defendants.

Plaintiff contended that Defendants were able to obtain an extension on the Agreement by falsifying the Financial Statement. Plaintiff claimed that Mr. Baker's false statements regarding the collateral in their possession not only allowed Defendants to reap the benefit of the line of credit with Plaintiff, but extended Defendants' time to sell more of Plaintiff's collateral and use the proceeds to pay off other incurred debt. Plaintiff argued that the Financial Statement was materially false, was intended to deceive Plaintiff and caused Plaintiff to reasonably rely upon it. Plaintiff asserted that reliance on Mr. Baker's false statement was the only reason Plaintiff continued to honor the terms of the Agreement. Post-Trial Brief, p. 3, ¶ 13.

Plaintiff maintained that Mrs. Baker should be held jointly and severally liable for the debt owed to Plaintiff and requests that this Court determine that Defendants not be discharged from

3

Plaintiff's debt pursuant to Section 523 (a)(2)(B). Plaintiff also requested an award of its costs and fees in this action.

Defendants argued that if any livestock or other collateral was sold out of trust, Plaintiff received the proceeds. Defendants asserted that some of the livestock sold was owned by the Defendants' son. Defendants asserted that Plaintiff suffered no damages as a result of Defendants' conduct. Defendants further argued that Plaintiff did not rely on Mr. Baker's Financial Statement because Defendants did not receive an extension or renewal of their loan. Defendants argued that there was no evidence that Defendants obtained any credit, extension, renewal or forebearance as a result of the Financial Statement.

## JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2007) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2007). Venue is proper in this District under 28 U.S.C. § 1409(a) (2007).

## CONCLUSIONS OF LAW

The issue is whether the debt owed by Defendants to Plaintiff should be nondischargeable based upon Mr. Baker's submission of the false Financial Statement under 11 U.S.C. § 523(a)(2)(B). Under 11 U.S.C. § 523(a)(2)(B), a debtor may not be granted a discharge from any debt for money, property, services, or an extension, renewal, or refinancing of credit procured by a statement in writing (1) that is materially false; (2) respecting debtor's financial condition; (3) on which the creditor reasonably relied; and (4) that debtor made or published with intent to deceive. 11 U.S.C. § 523(a)(2)(B) (2007); *In re Sawyer*, 76 B.R. 201 (Bankr. M.D. Fla. 1987) (holding that plaintiff failed to prove reasonable reliance on a false statement); *Insurance Co. of Am. v. Cohn (In re Cohn)*, 54 F.3d 1108 (3rd Cir. Pa. 1995) (debtor admitted to making a false statement regarding debtor's financial condition). A creditor may prevent the discharge of a debt by putting forth clear and convincing evidence necessary to except the discharge. *In re Sawyer*, 76 B.R. at 203.

4

Here, Mr. Baker admitted that he knowingly submitted the Financial Statement with the intention to deceive Plaintiff. A false statement is material if it influences a creditor's decision to extend credit. *In re Cohn*, 54 F.3d at 1114. *Cohn* articulates that a statement can still be material if it is so substantial that a reasonable person would have relied on it, even if the creditor did not in fact rely on it in this case. *Id.*

Defendants' Financial Statement is materially false. The only question here is whether Plaintiff reasonably relied on the Financial Statement. The "reasonable reliance" component of Section 523(a)(2)(B)(iii) requires that the creditor actually rely on the debtor's statement. *Id.* at 1115. "Accordingly, if it were reasonable to rely on a debtor's statement, but the creditor did not in fact rely upon the false statement, (B)(iii) would not be satisfied." *Id.* Here, Plaintiff did not in fact rely on Defendants' false Financial Statement and thus neither extended nor refinanced Defendants' loan based on the false statement. Therefore, Plaintiff's claim is dischargeable under 11 U.S.C. § 523(a)(2)(B).

By separate order, judgment will be entered in favor of Defendants.

                                                                                /s/ Kathy A. Surratt-States
                                                                                KATHY A. SURRATT-STATES
                                                                                United States Bankruptcy Judge

DATED: October 19, 2009
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Alliant Bank
P. O. Box 308
921 Hwy 24 & 36
Monroe City, MO 63456

Vickie J. Baker
6263 Shelby 419
Shelbina, MO 63468

Michael Dean Holliday
Curl & Hark, L.L.C.
999 Broadway
P.O. Box 1013
Hannibal, MO 63401

Michael A Baker
208 E Monroe St
Shelbyville, MO 53459-1148

Casey J. Welch
Wasinger, Parham et al.
PO Box 962
2801 St. Mary's Ave.
Hannibal, MO 63401

6